# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAIME C. SANTIAGO, | : | |
| Plaintiff, | : | |
| | : | **PRISONER** |
| v. | : | **CASE NO. 3:10-cv-1839 (VLB)** |
| | : | |
| WARDEN WHIDDEN, et al., | : | |
| Defendants. | : | December 9, 2010 |

## ORDER

The plaintiff, currently incarcerated at Carl Robinson Correctional Institution in Enfield, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000).  He names six defendants:  Warden Whidden, Deputy Warden Faneuff, Unit Manager Regan, Medical Supervisor Dolan, Librarian Harrisson and John Doe.  All defendants are named in their individual and official capacities and are sued for violations of federal and state law.

Under 28 U.S.C. § 1915A (2000), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.

In reviewing a pro se complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are

based and to demonstrate a right to relief. <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. But "'[a] document filed <u>pro</u> <u>se</u> is to be liberally construed and a <u>pro</u> <u>se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" <u>Boykin v. KeyCorp</u>, 521 F.3d 202, 214 (2d Cir. 2008) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)).

After careful consideration, the Court concludes that the allegations warrant service of the complaint and an opportunity for the plaintiff to address the defendants' response to the his allegations.

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1)      The Pro Se Prisoner Litigation Office shall verify the current work addresses for each defendant, Whidden, Faneuff, Regan, Dolan and Harrisson, with the Department of Correction Office of Legal Affairs, mail waiver of service of process request packets to each defendant in his or her individual capacity within fourteen (14) days of this Order, and report to the Court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the

defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     The Pro Se Prisoner Litigation Office shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on defendants Whidden, Faneuff, Regan, Dolan and Harrisson in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT  06141, within fourteen (14) days from the date of this order and to file returns of service within twenty (20) days from the date of this order.

(3)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.

Discovery requests need not be filed with the Court.

(7)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     Service cannot be effected on the defendant identified only as John Doe.  The plaintiff is directed to file an amended complaint within ninety (90) days from the date of this order identifying the John Doe defendant by name.  Failure to identify this defendant may result in the dismissal of all claims against him.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  December 9, 2010.